## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

HOMERZELL HEARD,

     Plaintiff,

v.                                                              Case No.: _____

CAPITAL ONE BANK (USA), N.A.,

     Defendant.

---

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff HOMERZELL HEARD sues Defendant CAPITAL ONE BANK (USA), N.A., and states as follows:

### **Introduction**

1.    This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2.    The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent abusive "robocalls."

3.    The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

1

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## Jurisdiction, Venue and Parties

6.      This Court has original jurisdiction over Plaintiff's claim arising under the TCPA pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.      Venue is appropriate in the United States District Court for the Middle District of Georgia, Athens Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Elbert County, Georgia.

8.      Plaintiff is a natural person, and citizen of the State of Georgia, residing in Elbert County, Georgia.

9.      Defendant CAPITAL ONE BANK (USA), N.A. is a corporate entity with its principal place of business located at 4851 Cox Road, Glen Allen, Virginia 23060, and which conducts business in the State of Georgia.

## Factual Allegations

10.      Plaintiff is the "called party."  *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.      Defendant called Plaintiff in excess of 300 times in an attempt to collect a debt.

12.      Defendant called Plaintiff as many as six times per day, every day.

13.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received.

14.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (706) xxx-3792, and was the called party and recipient of Defendant's calls.

15.     Defendant placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (706) xxx-3792 in an attempt to reach multiple different individuals including individuals known only as George, Ralph, Susie, and one time Plaintiff's brother, Archie Ashmore.

16.     Plaintiff does not currently know, nor has she ever known the individuals Defendant asks for, other than the time they asked for her brother.

17.     Plaintiff does not currently have any account or business dealings with Defendant.

18.     On several occasions before and after February 2017, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

19.     Each time Defendant calls Plaintiff, she tells Defendant's agent(s) that they have the wrong number, that she is not the person they are calling for, and to stop calling her.

20.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

22.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

23.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25.     Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

27.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28.     Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line

4

and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

32.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

**COUNT I**
**(Violation of the TCPA)**

38.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     CAPITAL ONE BANK (USA), N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CAPITAL ONE BANK (USA), N.A. that Plaintiff wished for the calls to stop

40.     CAPITAL ONE BANK (USA), N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Georgia Bar No. 617963
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2490
Primary Email: TGomez@ForThePeople.com
Secondary Email: JSherwood@ForThePeople.com
*Attorney for Plaintiff*